UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

IN RE: Stephen C. Maloney                                    M. B. D. # 04-10228

## ORDER OF DISBARMENT

PER CURIAM                                                    August 23, 2004

The Court having been advised that Stephen C. Maloney has been disbarred by the Supreme Judicial Court from the practice of law at the bar of the Commonwealth of Massachusetts and is likewise forthwith disbarred from the practice of law at the bar of the United States District Court for the District of Massachusetts.

Should Stephen C. Maloney desire to invoke the procedures and make the showing required by Local Rule 83.6(2)(B)(ii), the Court shall be informed within 30 days of the date of this order and the Court will schedule a hearing thereon within 15 days following such notification as required by the Local Rule.

Upon notification of action taken by Stephen C. Maloney to invoke such procedures the Court will consider imposing reciprocal discipline pursuant to Local Rule 83.6(2)(C).

Stephen C. Maloney shall forthwith notify clients and opposing counsel in any cases now pending in this court and the Bankruptcy Court in this District of this order of disbarment.

Date _Acust 23, 2004_                    _Charles F. Way_
                                          Mark L. Wolf
                                          Judge



# The Commonwealth of Massachusetts
## SUPREME JUDICIAL COURT
### FOR SUFFOLK COUNTY
ONE BEACON STREET, 4TH FLOOR
BOSTON, MASSACHUSETTS 02108
WWW.SJCCOUNTYCLERK.COM

**MAURA S. DOYLE**
CLERK
CASE INFO (617) 557-1100
BAR INFO (617) 557 1050
FAX (617) 557 1545

August 9, 2004

ASSISTANT CLERKS
LILLIAN C ANDRUSZKIEWICZ (617) 557-1184
GEORGE E. SLYVA (617) 557-1185
ERIC B WETZEL (617) 557-1186
FAX (617) 557-1033

Deborah J. Keefe, Bar Clerk
U.S. District Court for the District of Mass.
One Courthouse Way
Boston, MA  02110

**04 MBD 10228**

RE:  S.J.C. No. BD-2004-061

     IN RE: Stephen C. Maloney


Dear Ms. Keefe:

     Enclosed please find a copy of the Order which was entered on
August 9, 2004 by the following Justice of the Supreme Judicial
Court:  Spina, J.

                         Very truly yours,

                         Maura S. Doyle, Clerk


Enclosures
cc:  Bar Clerk, United States District Court
     Honorable Lynda M. Connolly, Chief Justice

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

SUPREME JUDICIAL COURT
FOR SUFFOLK COUNTY
NO:  BD-2004-061

**04**MBD **10228**

IN RE: STEPHEN C. MALONEY

JUDGMENT OF DISBARMENT

This matter came before the Court, Spina, J., on an
Affidavit of Resignation submitted by Stephen C. Maloney pursuant
to S.J.C. Rule 4:01, sec. 15 (1), and the Recommendation and Vote
of the Board of Bar Overseers filed by the Board on July 22,
2004.  Upon consideration thereof, it is ORDERED and ADJUDGED
that:

1. the Affidavit of Resignation be accepted and that
STEPHEN C. MALONEY is hereby disbarred from the practice of law
in the Commonwealth effective immediately upon the entry of this
Judgment, and the lawyer's name is forthwith stricken from the
Roll of Attorneys.

It is FURTHER ORDERED that:

2.    Within fourteen (14) days of the date of entry of this
Judgment, the lawyer shall:

a)    file a notice of withdrawal as of the effective
date of the disbarment with every court, agency, or tribunal
before which a matter is pending, together with a copy of
the notices sent pursuant to paragraphs 2(c) and 2(d) of
this Judgment, the client's or clients' place of residence,

2

and the case caption and docket number of the client's or
clients' proceedings;

b)   resign as of the effective date of the disbarment
all appointments as guardian, executor, administrator,
trustee, attorney-in-fact, or other fiduciary, attaching to
the resignation a copy of the notices sent to the wards,
heirs, or beneficiaries pursuant to paragraphs 2(c) and 2(d)
of this Judgment, the place of residence of the wards,
heirs, or beneficiaries, and the case caption and docket
number of the proceedings, if any;

c)   provide notice to all clients and to all wards,
heirs, and beneficiaries that the lawyer has been disbarred;
that he is disqualified from acting as a lawyer after the
effective date of the disbarment; and that, if not
represented by co-counsel, the client, ward, heir, or
beneficiary should act promptly to substitute another lawyer
or fiduciary or to seek legal advice elsewhere, calling
attention to any urgency arising from the circumstances of
the case;

d)   provide notice to counsel for all parties (or, in
the absence of counsel, the parties) in pending matters that
the lawyer has been disbarred and, as a consequence, is
disqualified from acting as a lawyer after the effective
date of the disbarment;

e)   make available to all clients being represented in
pending matters any papers or other property to which they

3

are entitled, calling attention to any urgency for obtaining
the papers or other property;

f)   refund any part of any fees paid in advance that
have not been earned; and

g)   close every IOLTA, client, trust or other
fiduciary account and properly disburse or otherwise
transfer all client and fiduciary funds in his possession,
custody or control.

All notices required by this paragraph shall be served by
certified mail, return receipt requested, in a form approved by
the Board.

3.   Within twenty-one (21) days after the date of entry of
this Judgment, the lawyer shall file with the Office of the Bar
Counsel an affidavit certifying that the lawyer has fully
complied with the provisions of this Judgment and with bar
disciplinary rules.   Appended to the affidavit of compliance
shall be:

a)   a copy of each form of notice, the names and
addresses of the clients, wards, heirs, beneficiaries,
attorneys, courts and agencies to which notices were sent,
and all return receipts or returned mail received up to the
date of the affidavit.   Supplemental affidavits shall be
filed covering subsequent return receipts and returned mail.
Such names and addresses of clients shall remain
confidential unless otherwise requested in writing by the
lawyer or ordered by the court;

4

b)   a schedule showing the location, title and account number of every bank account designated as an IOLTA, client, trust or other fiduciary account and of every account in which the lawyer holds or held as of the entry date of this Judgment any client, trust or fiduciary funds;

c)   a schedule describing the lawyer's disposition of all client and fiduciary funds in the lawyer's possession, custody or control as of the entry date of this Judgment or thereafter;

d)   such proof of the proper distribution of such funds and the closing of such accounts as has been requested by the bar counsel, including copies of checks and other instruments;

e)   a list of all other state, federal and administrative jurisdictions to which the lawyer is admitted to practice; and

f)   the residence or other street address where communications to the lawyer may thereafter be directed. The lawyer shall retain copies of all notices sent and shall maintain complete records of the steps taken to comply with the notice requirements of S.J.C. Rule 4:01, Section 17.

4.   Within twenty-one (21) days after the entry date of this Judgment, the lawyer shall file with the Clerk of the Supreme Judicial Court for Suffolk County:

a)   a copy of the affidavit of compliance required by paragraph 3 of this Judgment;

5

     b)  a list of all other state, federal and administrative jurisdictions to which the lawyer is admitted to practice; and

     c)  the residence or other street address where communications to the lawyer may thereafter be directed.

By the Court (Spina, J.),

Maura S. Doyle, Clerk

Entered:  August 9, 2004